JANET M. HEROLD, Regional Solicitor
herold.janet.m@dol.gov
California State Bar No. 243568
SUSAN SELETSKY, Wage Hour Counsel
seletsky.susan@dol.gov
California State Bar No. 176106
SUSAN BRINKERHOFF, Trial Attorney
brinkerhoff.susan@dol.gov
District of Columbia Bar No. 460945
Office of the Solicitor, U.S. Dep't of Labor
300 Fifth Avenue, Suite 1120
Seattle, WA 98104
Phone (206) 757-6762
Fax (206) 757-6761
Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR, <br><br> Plaintiff, <br><br> v. <br><br> GUARDIAN ROOFING LLC, a Washington limited liability company; MATTHEW SWANSON, an individual; LORI SWANSON, an individual; and AARON SANTAS, an individual, <br><br> Defendants. | Case No. 3:15-cv-5623 <br><br> **COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT** |

1. Plaintiff THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor (the "Secretary" or "Plaintiff"), brings this action under the Fair Labor Standards Act

COMPLAINT – PAGE 1
*Perez v. Guardian Roofing LLC et al.*
Case No. 3:15-cv-5623

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

1. of 1938, as amended, 29 U.S.C §§ 201 *et seq.* (hereinafter "FLSA" or the "Act"), pursuant to Section 17 of the Act, 29 U.S.C § 217, to enjoin Defendants GUARDIAN ROOFING LLC ("Guardian Roofing" or "Company"), MATTHEW SWANSON, LORI SWANSON, and AARON SANTOS from violating the provisions of Sections 15(a)(2) and (5) of the Act, 29 U.S.C §§ 215(a)(2) and (5).

2. Plaintiff also and separately brings this action pursuant to Sections 16(c) and (e) of the Act, 29 U.S.C. §§ 216(c) and (e), for the recovery of a judgment against Defendants for overtime compensation due Defendants' employees listed in the attached Exhibit A (and additional employees whose claims become known to Plaintiff); liquidated damages in an amount equal thereto or, in the event liquidated damages are not awarded, pre-judgment interest computed on the unpaid wages due; and civil money penalties.

3. Jurisdiction of this action is conferred upon the Court by Sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216 and 217 (penalties and injunction proceedings); by 28 U.S.C. § 1331 (federal question); and by 28 U.S.C. § 1345 (United States as plaintiff).

4. Venue lies in the United States District Court, Western District of Washington, pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the instant claims occurred in this Court's district.

5. At all times material hereto, Defendant GUARDIAN ROOFING LLC is and has been a Washington limited liability company licensed to do business in the State of Washington, with its principal place of business located at 417 99th Street East, Tacoma, Washington 98445-2017, within

**COMPLAINT – PAGE 2**
*Perez v. Guardian Roofing LLC et al.*
Case No. 3:15-cv-5623

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

1 the jurisdiction of this Court, where it is and has been engaged in the roofing business. At all times

2 material hereto, Defendant GUARDIAN ROOFING is and has been an employer within the meaning

3 of FLSA § 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to the Complaint

4 (and additional employees whose claims become known to Plaintiff).

5 6. At all times material hereto, Defendant MATTHEW SWANSON is and has been an

6 owner and/or director of Defendant GUARDIAN ROOFING and is and has been at all relevant times

7 an employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in that he was a person acting

8 directly or indirectly in the interest of Defendant GUARDIAN ROOFING in relation to its employees

9 listed on Exhibit A (and additional employees whose claims become known to Plaintiff) and had

10 economic and operational control over Defendant GUARDIAN ROOFING and its businesses in the

11 State of Washington.

12 7. At all times material hereto, Defendant LORI SWANSON is and has been an owner

13 and/or director of Defendant GUARDIAN ROOFING and is and has been at all relevant times an

14 employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in that she was a person acting

15 directly or indirectly in the interest of Defendant GUARDIAN ROOFING in relation to its employees

16 listed on Exhibit A (and additional employees whose claims become known to Plaintiff) and had

17 economic and operational control over Defendant GUARDIAN ROOFING and its businesses in the

18 State of Washington.

19 8. At all times material hereto, Defendant AARON SANTOS is and has been an owner

20 and/or director of Defendant GUARDIAN ROOFING and is and has been at all relevant times an

**COMPLAINT – PAGE 3**
*Perez v. Guardian Roofing LLC et al.*
Case No. 3:15-cv-5623

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

employer within the meaning of FLSA § 3(d), 29 U.S.C. § 203(d), in that he was a person acting directly or indirectly in the interest of Defendant GUARDIAN ROOFING in relation to its employees listed on Exhibit A (and additional employees whose claims become known to Plaintiff) and had economic and operational control over Defendant GUARDIAN ROOFING and its businesses in the State of Washington.

9. At all times relevant to this Complaint, Defendant GUARDIAN ROOFING is and has been an "enterprise," as defined in FLSA § 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A), having (i) employees in or about its place of business who handled, sold, or otherwise worked on goods or materials that have been moved in or produced for commerce and (ii) annual gross volume of sales made or business done of not less than $500,000 (exclusive of sales taxes at the retail level that are separately stated). By reason thereof, said enterprise at all times relevant to this Complaint was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act.

10. On information and belief, Defendant MATTHEW SWANSON is a 25% owner of the Defendant Company, helps run the Company, hires and fires employees, and determines their salaries.

11. On information and belief, Defendant LORI SWANSON is a 25% owner of the Defendant Company, helps run the Defendant Company, and is responsible for maintaining employment records.

12. On information and belief, Defendant AARON SANTOS is a 50% owner of the Defendant Company, helps run the Defendant Company, and is the Defendant Company's sales and marketing manager.

**COMPLAINT – PAGE 4**
*Perez v. Guardian Roofing LLC et al.*
Case No. 3:15-cv-5623

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

13. Defendants have willfully and repeatedly violated and/or are willfully and repeatedly violating the provisions of FLSA §§ 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), by employing the employees listed in Exhibit A (and additional employees whose claims become known to Plaintiff) who were engaged in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, for work weeks longer than forty (40) hours without compensating said employees for all their employment in excess of 40 hours in such work weeks at rates not less than one and one-half the regular rates at which they were employed. In particular, during the period March 1, 2011, through February 28, 2014, workers were paid only for hours they spent working at a roofing work site. They were not paid for the time between arriving first thing in the morning at one of the Company's shops located in Tacoma and Kent and the time they arrived at a first roofing work site of the day, even though they were required by Defendants to show up at one of the Company's shops at a certain time each morning and in fact performed work for Defendants while at the Company's shop. Nor were they paid for the time they spent traveling from one roofing work site to another within a work day.

14. Defendants have willfully and repeatedly violated and/or are willfully and repeatedly violating the provisions of FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain, keep, make available (to authorized agents of Plaintiff for inspection, transcription, and/or copying), and/or preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by Plaintiff

**COMPLAINT – PAGE 5**
*Perez v. Guardian Roofing LLC et al.*
Case No. 3:15-cv-5623

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

pursuant to the authority granted in the Act and published in the Federal Register and known as Title 29, Code of Federal Regulations, Part 516.

15. Defendants willfully and repeatedly violated and/or are willfully and repeatedly violating the monetary provisions of the Act as alleged in paragraph 13, and, as a result, Defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages under FLSA § 16(c), 29 U.S.C. § 216(c).

16. As a result of the violations of the overtime provisions of the FLSA, there is unpaid overtime compensation due under the FLSA that is being withheld by Defendants.

17. Judgment permanently enjoining and restraining such violations of the FLSA is specifically authorized by FLSA § 17, 29 U.S.C. § 217.

18. Judgment awarding unpaid back wages due under the FLSA, plus an additional amount as liquidated damages that is equal to the amount of the back wages that accrued under the FLSA, is specifically authorized by FLSA § 16(c), 29 U.S.C. § 216(c).

WHEREFORE, cause having been shown, Plaintiff prays for a Judgment against Defendants as follows:

(1) For an Order pursuant to FLSA § 17, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and all persons acting in their behalf and interest from prospectively violating the provisions of FLSA §§ 15(a)(2) and (5), 29 U.S.C. §§ 215(a)(2) and (5);

**COMPLAINT – PAGE 6**
*Perez v. Guardian Roofing LLC et al.*
Case No. 3:15-cv-5623

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761

(2) For an Order pursuant to FLSA § 16(c), 29 U.S.C. § 216(c), finding Defendants liable for unpaid overtime compensation found by the Court to be due Defendants' employees (including those named in the attached Exhibit A and additional employees whose claims become known to Plaintiff), plus an equal amount in liquidated damages; or, in the event liquidated damages are not awarded, pre-judgment interest computed on the unpaid wages due;

(3) For an Order awarding Plaintiff his fees and the court costs of action; and

(4) For an Order granting Plaintiff such other and further relief as may be necessary and appropriate.

DATED this 31st day of August 2015.

M. PATRICIA SMITH
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Wage Hour Counsel

By: */s/ Susan Brinkerhoff*
SUSAN BRINKERHOFF
Trial Attorney

**U.S. DEPARTMENT OF LABOR**
**Counsel for Plaintiff**

COMPLAINT – PAGE 7
*Perez v. Guardian Roofing LLC et al.*
Case No. 3:15-cv-5623

U.S. DEPARTMENT OF LABOR
OFFICE OF THE SOLICITOR
300 Fifth Ave., Suite 1120
Seattle, WA 98104
(206) 757-6762
Fax: (206) 757-6761