UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>                    Plaintiff,<br><br>          v.<br><br>GUARDIAN ROOFING, MATTHEW SWANSON, LORI SWANSON, and AARON SANTAS,<br><br>                    Defendants. | CASE NO. 3:15-cv-05623-RJB<br><br>ORDER ON DEP'T OF LABOR'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, STRIKE DEFENDANTS' COUNTERCLAIMS |

THIS MATTER comes before the Court on the United States Department of Labor's

Motion to Dismiss, or in the Alternative, Strike Defendants' Counterclaims. Dkt. 22. The Court

has considered the motion, the Response filed by Guardian Roofing, Matthew Swanson, Lori

Swanson, and Aaron Santas (collectively, "Guardian"), the Reply filed by DOL, DOL's

Complaint, Guardian's Counterclaims, and the remainder of the file herein. Dkts. 1, 15, 23. 15.

1 | BACKGROUND

2 |     This Fair Labor Standards Act (FLSA) case stems from DOL's investigation of Guardian

3 | Roofing starting in March 2011. According to the Counterclaims, DOL's investigation included

4 | a tour of Guardian Roofing's facilities, staff interviews, and a thorough review of timecards and

5 | payroll information. Dkt. 15, at ¶¶9, 10, 11, 14. The Counterclaims further allege that DOL

6 | informed Guardian Roofing of the findings of its investigations on April 8, 2014 and again on

7 | May 13, 2015, at which point DOL estimated $421, 580.62 owed for unpaid wages owed and the

8 | same amount owed for liquidated damages. *Id*. at ¶¶14, 19.

9 |     In DOL's correspondence to Guardian Roofing, according to the Counterclaims, DOL

10 | informed Guardian Roofing that Guardian Roofing had failed to provide time records for 24

11 | employees, and that time records provided for 41 employees reflected a failure to pay wages for

12 | time spent traveling between job sites and from Guardian Roofing's office and job sites. *Id*. at

13 | ¶19. Throughout DOL's investigation, DOL and Guardian Roofing entered into multiple tolling

14 | agreements to extend the statute of limitations for the investigation and possible legal action,

15 | with both parties ultimately agreeing to extend them until August 31, 2015, the same day that

16 | DOL elected to file the Complaint. *Id*. at ¶¶15, 16, 17, 21-23.

17 |     Guardian brings four counterclaims:

18 |         (1) Count I: Declaratory judgment that Guardian has not violated employee overtime compensation provisions of 29 U.S.C. §§ 207 and 215(a)(2). Dkt.
19 | 15, at ¶¶24-29, 43a.

20 |         (2) Count II: Declaratory judgment that Guardian has not violated employment records preservation provisions of 29 U.S.C. §§211(c) and 215(a)(5). *Id*. at
21 | ¶¶30-34, 43b.

22 |         (3) Count III: Declaratory judgment that Guardian is not required to pay liquidated damages, because it has acted in good faith and not with an
23 | intention to violate FLSA. *Id*. at ¶¶35-39, 43c. *See* 29 U.S.C. §§216(b) and 260.

24 |

ORDER ON DEP'T OF LABOR'S MOTION TO
DISMISS, OR IN THE ALTERNATIVE, STRIKE
DEFENDANTS' COUNTERCLAIMS- 2

1

2
       (4) Count IV: Awarding of attorney's fees and costs to Guardian under the Equal Access to Justice Act (EAJA). *Id*. at ¶¶35-39, 43d.

3
       Unlike the Counterclaims, the Complaint does not allege discretely labeled claims.

4
However, in relevant part DOL alleges: that Guardian violated 29 U.S.C. §§ 207 and 215(a)(2)

5
for failure to compensate employees (Complaint, at ¶¶13, 15); that Guardian violated 29 U.S.C.

6
§§ 211(c) and 215(a)(5) for failure to a maintain or preserve employment records (*id*. at ¶14);

7
and that Guardian owes an unspecified amount in back wages, and the same amount in liquidated

8
damages (*id*. at ¶¶14, 18). In the prayer for relief, DOL requests an awarding of fees and costs;

9
an awarding of damages, including liquidated damages; and injunctive relief, for Guardian to be

10
permanently enjoined from violating FLSA employee records and wage provisions. *Id*. at pp. 6,

11
7.

12
DISCUSSION

13
       DOL brings this motion to dismiss or strike Guardian's Counterclaims. DOL makes three

14
main arguments: (1) the Counterclaims should be stricken pursuant to Fed.R.Civ.P. 12(f),

15
because they are redundant and serve no useful purpose; (2) the EAJA Counterclaim should be

16
dismissed pursuant to Fed.R.Civ.P. 12(b)(6), because a claim for attorney's fees is not justiciable

17
absent this Court's final judgment; and (3) the Counterclaims should be dismissed pursuant to

18
Fed.R.Civ.P. 12 (b)(1) and (h)(3) for lack of subject matter jurisdiction, because DOL is entitled

19
to sovereign immunity on the basis that Guardian has not exhausted administrative challenges of

20
a final agency action by DOL.

21
1.  <u>Striking Counterclaims pursuant to Fed.R.Civ.P. 12(f).</u>

22
       Courts may "strike from a pleading . . . any redundant, immaterial, impertinent, or

23
scandalous matter." Fed. R. Civ. P. 12(f). The rule is designed to help "avoid the expenditure of

24

ORDER ON DEP'T OF LABOR'S MOTION TO
DISMISS, OR IN THE ALTERNATIVE, STRIKE
DEFENDANTS' COUNTERCLAIMS- 3

1   time and money that must arise from litigating spurious issues by dispensing with those issues

2   prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation

3   and alteration omitted). Motions to strike are disfavored, because they "may be used as delaying

4   tactics and because of the strong policy favoring resolution on the merits." *Barnes v. AT&T*

5   *Pension Ben. Plan-Nonbargained Program*, 718 F.Supp.2d 1167 (N.D.Cal.2010), citing to

6   *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir.2000). In the context of counterclaims

7   for declaratory relief, some courts use their discretion to dismiss "mirror image" counterclaims

8   that are redundant of affirmative defenses or claims found in the complaint. *Rayman v. Peoples*

9   *Sav. Corp.* 735 F.Supp. 842, 852 (N.D.Ill.1990); *Daily v. Federal Ins. Co.*, 2005 WL 14734 *6

10  (N.D.Cal.2005).

11          In this case, Guardian's Counterclaims I-III are redundant and nothing more than a mirror

12  image of the Complaint. In Count I, Guardian seeks declaratory judgment that Guardian has not

13  violated employee overtime compensation provisions of 29 U.S.C. §§ 207 and 215(a)(2), while

14  DOL alleges the opposite. *C.f.* Dkt. 15, at ¶¶24-29, 43a; and Complaint, at ¶¶13. *See also*, *id.* at

15  ¶¶15, 16, 18 and pp. 6, 7. In Count II, Guardian seeks declaratory judgment that Guardian has

16  not violated employment records preservation provisions of 29 U.S.C. §§211(c) and 215(a)(5),

17  while DOL alleges the opposite. *C.f. id.* at ¶¶30-34, 43b; and *id* at ¶14. *See also*, *id.* at pp. 6, 7. In

18  Count III, Guardian seeks declaratory judgment that Guardian is not required to pay liquidated

19  damages, because Guardian has acted in good faith and without an intent to violate FLSA, while

20  DOL alleges the opposite. *C.f. id.* at ¶¶35-39, 43c; and *id.* at ¶¶15, 18. *See also*, *id.* at p. 7.

21  Counterclaims I-III[1] should be stricken under Fed.R.Civ.P. 12(f) because they are redundant.

22

23  _____

24          [1] *See below* for analysis of Count IV (EAJA fees and expenses).

1    Guardian urges this Court to join other district courts in analyzing redundancy by

2    "focus[ing] on whether the counterclaims serve any useful purpose. . . dismiss[ing] or strik[ing] a

3    redundant counterclaim only when it is clear that there is a complete identity of factual and legal

4    issues between the complaint and counterclaim." *Stickrath v. Globalstar, Inc.*, 2008 WL

5    2050990, at *4 (N.D.Cal.2008) (citation and quotations omitted); Dkt. 23, at 19, 20. *See also*,

6    *Pettrey v. Enterprise Title Agency, Inc.*, 2006 WL 3342633 (N.D.Ohio 2006). Although *Stickrath*

7    and similar cases are only persuasive authority, the Counterclaims do not serve any useful

8    purpose. They obstruct the parties from reaching the merits, because they raise no issues not also

9    raised by the Complaint. A decision on Complaint's merits would render the Counterclaims for

10   declaratory judgment moot. *See Aldens, Inc. v. Packel*, 524 F.2d 38, 51, 52

11   (3d.Cir.1975)(counterclaim for declaratory judgment that became upon disposition of the

12   plaintiff's claims); *Green Bay Packaging, Inc. v. Hoganson & Assoc.*, 362 F.Supp. 78, 82

13   (N.D.Ill.1973) (striking declaratory relief counterclaims seeking resolution of same issues raised

14   in plaintiff's cause of action for declaratory relief). There is "complete identity" of legal issues,

15   *see above*, as well as of factual issues, where the only differences between the Complaint and the

16   Counterclaims reflect the parties' differing views of the facts. *C.f., e.g.,* Complaint, at ¶13

17   (employees not paid for performing work while at Guardian's shop prior to travelling to jobsite);

18   and Dkt. 15, at ¶¶12, 13 (employees not paid for time spent at Guardian's shop prior to travelling

19   to jobsite because they did not perform work).

20   Guardian also argues that DOL must show that it would suffer prejudice if the Court were

21   to deny DOL's motion to strike, a showing that Guardian argues DOL has not made. Dkt. 23, at

22   20, citing to 5C Fed. Prac. & Proc. Civ. § 1382 (3d ed.) and district court cases. *See, e.g., Love v.*

23   *Permanente Medical Group*, 2013 WL 6731463 *at 6 (N.D.Cal.2013) ("[w]here the moving

24

1   party cannot adequately demonstrate such prejudice, courts frequently deny motions to strike

2   even though the offending matter literally was within . . . Rule 12(f)"). Guardian only provides

3   persuasive authority for this rule, nonetheless, DOL would suffer prejudice were the Court to

4   deny DOL's motion. There is a strong "possibility that issues will be unnecessarily complicated

5   or that [these] superfluous pleadings will cause the trier of fact to draw unwarranted inferences at

6   trial[, which] is the type of prejudice that is sufficient to support the granting of a motion to

7   strike." *Benham v. American Servicing Co.*, 2009 WL 4456386 (N.D.Cal. 2009). Furthermore,

8   the Counterclaims are duplicative, likely to confuse the trier of fact and distract from the

9   underlying merits of the case. The motion to strike should be granted as to Counterclaims I-III,

10   and they should be stricken.

11   2.   <u>Dismissal of EAJA counterclaim pursuant to Fed.R.Civ.P.12(b)(6).</u>

12          The Equal Access to Justice Act (EAJA) authorizes payment of attorney's fees to a

13   "prevailing party" in an action against the United States. Under EAJA, "[a] party seeking an

14   award of fees and other expenses shall, *within thirty days of final judgment* in the action, submit

15   to the court an application for fees and other expenses *which shows that the party is a prevailing*

16   *party* and is eligible to receive an award under this subsection, and the amount sought." 28

17   U.S.C. § 2812(d)(1)(B)(emphasis added).

18          Guardian's EAJA Counterclaim is premature, because EAJA contemplates that the

19   submission of an EAJA application follows, not precedes, final judgment. This interpretation is

20   supported by use of the word "within," a term that defines both the start and finish deadlines for

21   submitting applications, "within thirty days of final judgment," versus use of words such as

22   "before" or "prior to," which would seem to only define the finish deadline without limiting the

23   start. § 2412(d)(1)(B). This interpretation is also supported by the content of the application,

24

ORDER ON DEP'T OF LABOR'S MOTION TO
DISMISS, OR IN THE ALTERNATIVE, STRIKE
DEFENDANTS' COUNTERCLAIMS- 6

1    because a party must "sho[w] that the party is a prevailing party[,]" defined as "a party who

2    obtains a final judgment[.]" § 2412(d)(1)(B) and (d)(2)(H). Further, even if the statute did not

3    require submission of applications "within thirty days of final judgment" by the "prevailing

4    party," the EAJA Counterclaim should be dismissed because the other counterclaims are

5    stricken, and EAJA does not create an independent cause of action. *Thomas v. Paulson,* 507

6    F.Supp.2d 59, 62 n.2 (D.D.C.2007) (quoting *Scarborough v. Principi,* 541 U.S. 401, 405 (2004)

7    (citation omitted). *See also, e.g., Cota v. United States*, 2013 WL 6234574, at *6-7 (N.D.

8    Cal.2013), *aff'd*, 2015 WL 9584400 (9th Cir.2015). The EAJA Counterclaim should be

9    dismissed without prejudice.

10          Guardian has not waived its opportunity to submit an application for fees and expenses

11   under EAJA, should Guardian prevail. The Court will entertain Guardian's timely EAJA

12   application, if any, following final judgment.

13   3.  Dismissal of all counterclaims pursuant to Fed.R.Civ.P.12(b)(1) and (h)(3) for lack of subject
        matter jurisdiction.

14

15          Much of the parties' briefing litigates the issue of subject matter jurisdiction over the

16   Counterclaims, an issue that may turn on whether DOL should be afforded sovereign immunity.

17   DOL is entitled to sovereign immunity, DOL argues, because Guardian has not challenged a

18   final agency action by DOL and thus has not exhausted administrative remedies required under

19   the Administrative Procedure Act. Dkt. 22, at 5, 6; Dkt. 25, at 2-4.

20          Because the Counterclaims are either stricken or dismissed, *see above*, the issue of

21   subject matter jurisdiction is moot.

                                                        *
22

23

24

ORDER ON DEP'T OF LABOR'S MOTION TO
DISMISS, OR IN THE ALTERNATIVE, STRIKE
DEFENDANTS' COUNTERCLAIMS- 7

1      Guardian also requests the opportunity for leave to amend the Counterclaims. The Court

2  is skeptical of what merit any counterclaims could have, but Guardian should be given an

3  opportunity to amend.

4  ORDER

5      THEREFORE, the Department of Labor's Motion to Dismiss, or in the Alternative,

6  Strike Counterclaims is GRANTED IN PART and DENIED IN PART. Dkt. 22.

7      Guardian's claims for declaratory judgment (Count I, Count II, and Count III) are

8  HEREBY STRICKEN.

9      Guardian's claim for attorney's fees and costs under EAJA (Count IV) is dismissed

10  without prejudice.

11      Guardian may have leave to amend, file, and serve counterclaims, if any it has, on or

12  before Monday, March 21, 2016. Any proposed amended counterclaims must be consistent with

13  this order.

14      IT IS SO ORDERED.

15      The Clerk is directed to send uncertified copies of this Order to all counsel of record and

16  to any party appearing *pro se* at said party's last known address.

17      Dated this 9th day of March, 2016.

18

19

20  ROBERT J. BRYAN
      United States District Judge

21

22

23

24

ORDER ON DEP'T OF LABOR'S MOTION TO
DISMISS, OR IN THE ALTERNATIVE, STRIKE
DEFENDANTS' COUNTERCLAIMS- 8