1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>GUARDIAN ROOFING LLC, MATTHEW SWANSON, LORI SWANSON, and AARON SANTAS,<br><br>Defendants. | CASE NO. 3:15-cv-05623-RJB<br><br>ORDER ON GUARDIAN ROOFING LLC'S MOTION TO COMPEL FURTHER RESPONSES TO DISCOVERY REQUESTS AND FOR SANCTIONS |

11

12

13

14

15

16

17

18   THIS MATTER comes before the Court on Defendant Guardian Roofing LLC's Motion

19   to Compel Further Responses to Discovery Requests and for Sanctions. Dkts. 27, 28. The Court

20   has considered the motion, the briefing filed in support and opposition thereof, and the remainder

21   of the file herein. Dkts. 32, 33, 35, 36.

22                                   BACKGROUND

23   a.   The Complaint and Amended Counterclaim.

24

ORDER ON GUARDIAN ROOFING LLC'S
MOTION TO COMPEL FURTHER RESPONSES
TO DISCOVERY REQUESTS AND FOR
SANCTIONS- 1

1    DOL alleges that Guardian violated the Fair Labor Standards Act in its employment

2  practices, by failing to adequately compensate employees and by failing to maintain or preserve

3  employment records. Dkt. 1, at ¶¶13-18. *See* 29 U.S.C. §§ 207, 211(c), 215(a)(2) and (5). DOL

4  requests an awarding of fees and costs; an awarding of damages, including liquidated damages;

5  and injunctive relief, for Guardian to be permanently enjoined from violating FLSA employee

6  and wage provisions. *Id.*, at 6, 7.

7    In Guardian's Amended Counterclaim, Guardian seeks a declaratory judgment that

8  DOL's claims lack substantial justification for its claims, which warrants awarding Guardian

9  fees and costs under EAJA. Dkt. 30. Guardian also alleges that DOL's completion of its

10 investigation and filing of the Complaint constituted a "final agency action" by DOL, an

11 administrative agency. *Id. See* 5 U.S.C. §§ 701, 706.

12    b.  Discovery.

13    Among other discovery provided, DOL has produced 10 employee-informant statements

14 in a format that redacts the employee-informants' identities. Dkt. 33, at ¶3. DOL justifies the

15 redaction by invoking the government informant's privilege. Dkt. 32, at 7. DOL has also

16 redacted 21 documents that concern DOL's "confidential investigative procedures," including

17 how DOL initiated its investigation of Guardian, by invoking the "investigative files privilege."

18 Dkt. 33, at ¶4.

19    Guardian's Interrogatory No. 8 asks DOL to "[d]escribe each agency action taken by you,

20 your investigators, representatives or agents concerning Guardian Roofing[.]" Dkt. 28-1, at 10.

21 DOL objected to the interrogatory as vague, overly broad, and unduly burdensome. *Id.*, at 26.

22    Guardian's Interrogatory No. 9 asks DOL to "[i]dentify each record that Guardian

23 Roofing allegedly failed to maintain, keep, make available, and/or preserve in violation of

24
ORDER ON GUARDIAN ROOFING LLC'S
MOTION TO COMPEL FURTHER RESPONSES
TO DISCOVERY REQUESTS AND FOR
SANCTIONS- 2

1  [FLSA] . . . and for each record state the date you requested it from Guardian Roofing and the

2  person[s] who made the request." Dkt. 28-1, at 10.  DOL objected to the interrogatory as vague

3  and ambiguous. *Id*. In subsequent correspondence, DOL explained to Guardian the basis for its

4  objection:

5     "[The problem is] that Guardian's records are inaccurate and incomplete because
       Guardian failed to record the actual time its employees spent "employed" . . . Guardian
6      did not, for example, maintain accurate records of the time its employees spent at the
       company shop, whether performing work or waiting for company vehicles to depart, or
7      of the time its employees spent in transit between the shop and the . . . job site." Dkt. 32,
       at 15, 16.
8
       Guardian seeks to compel: (1) information redacted by DOL under the government
9
    informant privilege; (2) information redacted by DOL under the investigative files privilege; (3)
10
    DOL's answer to Interrogatory No. 8; and (4) DOL's answer to Interrogatory No. 9. Guardian
11
    also request monetary sanctions.
12
                                         DISCUSSION
13
    A.  Redactions under government informant privilege.
14
        According to Guardian, DOL should be compelled to provide the 10 employee-informant
15
    statements in their complete, unredacted form. Guardian argues that it needs to know the
16
    employee-informants' identities now to make an informed decision about which witnesses to
17
    depose and how to depose them, or it will be forced to proceed to trial by ambush. Guardian also
18
    contends that there is only a minimal risk of additional harm in compelling production of the
19
    employee-informants' identities, because DOL has already provided a list of 65 potential trial
20
    witnesses, including employees, and DOL plans to release employee-informant statements at the
21
    pretrial conference. Dkt. 27, at 8, 9.
22
        DOL argues that Guardian has not provided authority for its proposition that DOL is
23
    required to disclose its employee-informants' identities at this early stage in the proceedings; that
24
    ORDER ON GUARDIAN ROOFING LLC'S
    MOTION TO COMPEL FURTHER RESPONSES
    TO DISCOVERY REQUESTS AND FOR
    SANCTIONS- 3

1   Guardian will be adequately equipped to impeach witnesses at trial, because DOL will disclose

2   the employee-informants' identities at the pretrial conference; that Guardian already has the

3   substantive information needed to defend itself in the discovery provided; and that other courts

4   "have ruled time and time again" that employers, like Guardian, do not need to know employees'

5   identifying information to defend themselves. Dkt. 32, at 11, 12.

6       The informant's privilege is a well-established privilege that protects "the identity of the

7   persons who furnish information of violations of law" from "those who would have cause to

8   resent the communication." *Roviaro v. United States*, 353 U.S. 53, 59-60 (1957). The privilege

9   serves "a significant public service [by] encouraging citizens to report illegal activity." *Chao v.*

10  *Sec. Credit Sys., Inc.,* No. 08–267, 2009 WL 1748716, at *3 (W.D.N.Y.2009) (citation omitted).

11  However, the privilege will give way "[w]here the disclosure of an informer's identity, or of the

12  contents of his communication, is relevant and helpful to the defense of an accused, or is

13  essential to a fair determination of a cause." *Rovario*, at 60-61. Once the informant's privilege is

14  properly invoked, courts must decide where to draw "[t]he dividing line" of where it should

15  apply, balancing the need for effective law enforcement with an employer's fundamental right to

16  a fair trial. *In re Perez*, 749 F.3d 849, 856 (9th Cir. 2014).

17      The informant's privilege is commonly invoked by DOL in FLSA cases. *Sec'y of Labor*

18  *v. Superior Care Inc.,* 107 F.R.D. 395, 397 (E.D.N.Y.1985). *See also, e.g., Brock v. Gingerbread*

19  *House, Inc.,* 907 F.2d 115, 116–17 (10th Cir.1990); *Brennan v. Engineered Prods., Inc.,* 506

20  F.2d 299, 302–05 (8th Cir.1974); *Hodgson v. Charles Martin Inspectors of Petrol., Inc.,* 459

21  F.2d 303 (5th Cir.1972); *Solis v. Delta Oil Co., Inc.,* 2012 WL 1680101 (S.D.Ohio 2012); *Chao*

22  *v. Sec. Credit Sys.,* 2009 WL 1748716 at *2–4 (W.D.N.Y.2009); *Chao v. Westside Drywall,* 254

23  F.R.D. 651 (D.Oreg.2009); *Martin v. New York City Transit Auth.,* 148 F.R.D. 56, 62–65

24

ORDER ON GUARDIAN ROOFING LLC'S
MOTION TO COMPEL FURTHER RESPONSES
TO DISCOVERY REQUESTS AND FOR
SANCTIONS- 4

1  (E.D.N.Y.1993). In FLSA actions, "informants are an important lot[,]" so offering informants the

2  protection that the privilege affords DOL a "better chance of candid dialog." *In re Perez*, 749

3  F.3d at 856. Some courts view the privilege's use to be particularly defensible at the discovery

4  stage of litigation. *See e.g., Perez v. L & J Farm Picking, Inc.,* No. 12–24426, 2013 WL

5  5446625, at *3 (S.D.Fla.2013) ("Defendants have failed to show a sufficient need to require

6  Plaintiff to disclose the identity of its trial witnesses two and a half months early."); *Brock v. J.R.*

7  *Sousa & Sons, Inc.,* 113 F.R.D. 545, 546 (D.Mass.1986) ("The informer's privilege has been

8  rather uniformly applied in cases involving the Fair Labor Standards Act to protect the plaintiff

9  from disclosing the names of its witnesses and copies of the witnesses' statements during

10  discovery.").

11       Because DOL indicates it will disclose the identities of the employee-informants it

12  intends to use for trial at the pretrial conference, the fight over DOL's invocation of the

13  informant's privilege is mostly a fight about *when*, not *if*, DOL should disclose the identifying

14  information. While Guardian is correct—that Guardian should not be forced into trial by

15  ambush—Guardian will know the employee-informant identities approximately 10 days before

16  trial, which should be sufficient. DOL has not redacted information about Guardian's pay

17  practices and its employee's daily routines, which is the basis for DOL's claims and probably

18  most of the useful material Guardian will need for depositions. Guardian has the names of

19  DOL's 65 employee witnesses, all of whom Guardian can now interview and/or depose. Many

20  cases resolve prior to a pretrial conference, and with that possibility in mind, the Court cannot

21  find that Guardian's right to a fundamentally fair trial is compromised by the delay in releasing

22  employee-informant identities, even if deposing additional witnesses could be inefficient. *Perez*

23  *v. American Future Systems, Inc..*, 2013 WL 5728674 (1,800 aggrieved employees not sufficient

24

ORDER ON GUARDIAN ROOFING LLC'S
MOTION TO COMPEL FURTHER RESPONSES
TO DISCOVERY REQUESTS AND FOR
SANCTIONS- 5

1  reason to pierce informer's privilege); *Chao v. Raceway Petrol*, 2008 WL 2064354 at \*4

2  (D.N.J.2008) (despite 600 potential employee-witnesses, "efficiency . . . is not weighty enough

3  to overcome the public policy against disclosure").

4      Finally, the Court notes that it makes no ruling on the issue of whether any of the

5  employee-informants should be interviewed and/or deposed prior to trial but after the close of

6  discovery, by setting up a special schedule for that purpose, and requiring DOL to produce the

7  witnesses. Also, dispositive motions may be specially considered after the dispositive motions

8  deadline.

9      The motion to compel on these grounds should be granted in part. DOL may rely on the

10  informant's privilege to protect the identities of its 10 employee-informants until the pretrial

11  conference, but DOL should then disclose all of the 10 employee-informants' identities and

12  produce all of their unredacted statements, regardless of whether those persons will be called by

13  DOL as witnesses.

14  B.   Redactions under investigative files privilege.

15      Guardian seeks to compel production of investigation information that DOL redacted

16  under its "investigative files privilege." According to DOL, disclosing investigation information

17  redacted under the investigative files privilege "would threaten future investigations by revealing

18  internal procedures and analysis to potential violators," and Guardian has not shown that its need

19  for the information outweighs the public interest in non-disclosure. Dkt. 32, at 13. Guardian

20  counters by arguing that the investigation files privilege can no longer apply, because DOL

21  completed its investigation of Guardian, so the investigation's protection is no longer needed.

22  Dkt. 27, at 3, 11, 12.

23

24
   ORDER ON GUARDIAN ROOFING LLC'S
   MOTION TO COMPEL FURTHER RESPONSES
   TO DISCOVERY REQUESTS AND FOR
   SANCTIONS- 6

1        The common law authority for DOL's invocation of the "investigative files privilege" is

2   less than clear. Neither the 2nd Circuit nor the 9th Circuit cases that DOL relies upon makes any

3   direct reference to such a privilege. Dkt. 32, at 13, citing to *In re The City of New York*, 607 F.3d

4   923, 940-41 (2d Cir.2010) and *N.L.R.B. v. Silver Spur Casino*, 623 F.2d 571, 580 (9th Cir. 1980).

5   It appears that DOL may be conflating the investigative files privilege with the law enforcement

6   privilege, equating the former with the latter. Dkt. 32, at 13 ("The investigative files privilege (or

7   "law enforcement privilege") permits the Secretary to withhold information"). DOL seeks to

8   protect "primarily, information related to how [the] investigation was initiated and conducted,"

9   Dkt. 32, at 13, so it appears that the privilege invoked could be intended to be the law

10  enforcement privilege, sometimes also referred to as the federal investigatory privilege. *Brooks*

11  *v. County of San Joaquin*, 275 F.R.D. 528, 533 (E.D.Cal.2011); *Hemstreet v. Duncan*, 2007 WL

12  4287602 at *2 (Oreg.2007). Whatever its label, "the purpose of the [law enforcement] privilege

13  is to prevent disclosure of law enforcement techniques and procedures, to preserve the

14  confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the

15  privacy of individuals . . . in an investigation, and otherwise to prevent interference with an

16  investigation." *Id.*, citing to *In re Dep't of Investigation of City of New York*, 856 F.2d 481, 484

17  (2nd Cir.1988). The privilege requires courts to balance "the public interest in nondisclosure

18  against the need of the particular litigant for access to the privileged information." *Id.*

19        In this case, the public interest in nondisclosure of DOL's investigative techniques is

20  exceeded by Guardian's need for the information. According to DOL, disclosing its investigative

21  techniques could "threaten future investigations by revealing internal agency procedures and

22  analysis," but DOL does not further elaborate on the reasons for this statement. *See* Dkt. 32, at

23  13, 14. In essence, DOL asks the Court to 'just trust' DOL, relying on general platitudes, which

24

ORDER ON GUARDIAN ROOFING LLC'S
MOTION TO COMPEL FURTHER RESPONSES
TO DISCOVERY REQUESTS AND FOR
SANCTIONS- 7

1   is insufficient. It does not appear that DOL is still investigating Guardian, so DOL's argument

2   that disclosing its investigative techniques could harm "future investigations" is moot as to this

3   case, and DOL offers no specifics about how disclosure in this case could harm future

4   investigations for other cases. For example, DOL advances no argument about the likelihood of

5   employers in other cases obtaining the investigation information, and DOL does not explain why

6   a court protective order would be an insufficient means of protection against inappropriate

7   disclosure. On the other hand, DOL's investigatory techniques are a proper discovery subject for

8   Guardian.

9          The motion to compel DOL's production of investigatory procedures should be granted.

10  DOL should produce all investigation documents redacted under the purported investigative files

11  privilege.

12  C.   Interrogatory No. 8.

13         Guardian requests that DOL be compelled to respond to Interrogatory No. 8, which asks

14  DOL to identify "each agency action taken" by DOL against Guardian. Dkt. 28-1, at 10.

15  Guardian seeks to compel DOL's response because Guardian anticipates that DOL will assert a

16  sovereign immunity defense to Guardian's counterclaim, a defense that DOL may argue is

17  appropriate because thus far DOL has not completed a final agency action against Guardian,

18  making a court challenge premature. *Id.*  Guardian argues that DOL intentionally evades a

19  response, in spite of Guardian providing a clear definition, found in the Administrative

20  Procedure Act.  Dkt. 35, at 6.

21

22

23

24

ORDER ON GUARDIAN ROOFING LLC'S
MOTION TO COMPEL FURTHER RESPONSES
TO DISCOVERY REQUESTS AND FOR
SANCTIONS- 8

1   DOL argues in response that, assuming the definition Guardian proposes, DOL has not

2   taken a final agency action.[1] Dkt. 32, at 15. That response appears to answer the interrogatory,

3   although not its proper form. DOL further argues that Guardian is attempting to use Interrogatory

4   No. 8 "to get [DOL] to admit to the legitimacy of the legal underpinnings of Guardian's

5   counterclaims." Dkt. 32, at 15.

6   A positive answer by DOL to Guardian's interrogatory would be an admission dispositive

7   of Guardian's counterclaim, so DOL understandably resists. More problematic for Guardian,

8   however, is that requiring DOL to answer its interrogatory as Guardian insists calls for a legal

9   conclusion, which may not be best resolved through an interrogatory. And apart from the legal

10  conclusion the interrogatory calls for, Guardian is equally well-positioned to evaluate DOL's

11  actions against Guardian, as the target recipient of any agency actions, so Guardian hardly needs

12  DOL to disclose what actions DOL is taking against it. The characterization of DOL's actions

13  against Guardian is a question of law, that the parties will litigate and, when appropriately raised,

14  this Court will resolve.

15  The motion to compel DOL's response to Interrogatory No. 8 should be denied.

16  D.  Interrogatory No. 9.

17  Guardian seeks to compel DOL's answer to Interrogatory No. 9, which asks DOL to

18  "[i]dentify each record that Guardian Roofing allegedly failed to maintain, keep, make available,

19  and/or preserve in violation of [FLSA]." Dkt. 28-1, at 10. According to Guardian, it is

20  insufficient for DOL to allege that Guardian's records are inaccurate "generally," and

21  inappropriate for DOL to refer Guardian back to its own document production rather than answer

22  the question. Dkt. 27, at 13. Guardian contends further that DOL has the initial burden to prove

23  _____

24  [1] DOL makes this same argument in its pending motion to dismiss. Dkt. 37.

ORDER ON GUARDIAN ROOFING LLC'S
MOTION TO COMPEL FURTHER RESPONSES
TO DISCOVERY REQUESTS AND FOR
SANCTIONS- 9

1   that Guardian failed to maintain accurate records, which DOL has not met by avoiding its

2   obligation to identify specific incidents. Dkt. 35, at 6. DOL argues in response that "it is

3   impossible" to identify every instance for which Guardian failed to keep proper records. Dkt 32,

4   at 16.

5         Guardian does not provide any authority for its argument that DOL need be more specific

6   about individual instances of inaccurate records. In fact, the one case that Guardian cites to,

7   *Anderson v. Mt. Clemens Pottery*, 328 U.S. 680, 686-87 (1946), superseded by statute on other

8   grounds, spoke favorably of the opposite. The Supreme Court of the United States reversed the

9   lower court for approaching the calculation of employees' unpaid wages in an overly formulaic

10   way, which placed an "impossible hurdle" on employees alleging unpaid wages. *Id*., at 686. That

11   court went on to describe a situation, like here, where it is alleged that employment records are

12   inaccurate, stating that there need only be "sufficient evidence to show the amount and extent of

13   that work *as a matter of just and reasonable inference*." *Id*. DOL has met this burden. Although

14   DOL has not provided Guardian with specific dates, places, or times of its alleged records

15   violations, DOL has described with sufficient specificity the types of situations from which a

16   reasonable inference arises. If anything, it is Guardian, not DOL, that has a burden to be specific,

17   because once DOL has met its initial burden, "[t]he burden then shifts to the employer to come

18   forward with evidence of the precise amount of work performed or with evidence to negative the

19   reasonableness of the inference[.]" *Id*., at 687, 688.

20         The motion to compel DOL's response to Interrogatory No. 9 should be denied.

21   E.   <u>Motion for Sanctions.</u>

22         Guardian argues that DOL's resistance to providing Guardian with discovery, requiring

23   Guardian to file the instant motion, warrant sanctions against DOL.

24

ORDER ON GUARDIAN ROOFING LLC'S
MOTION TO COMPEL FURTHER RESPONSES
TO DISCOVERY REQUESTS AND FOR
SANCTIONS- 10

1   Sanctions are not warranted; this motion should be denied.

2                                   ORDER

3        THEREFORE, the Guardian Roofing LLC's Motion to Compel Further Responses to

4   Discovery Requests and for Sanctions (Dkt. 27) is GRANTED IN PART and DENIED IN

5   PART.

6            (1) Guardian's request to compel the disclosure of the 10 employee-informant statements
                 is GRANTED IN PART. DOL shall provide them at or prior to the pretrial
7                conference.

8            (2) Guardian's request to compel investigation information redacted under the
                 "investigative files privilege" is GRANTED. All discovery redacted under this
9                privilege shall be provided.

10           (3) Guardian's request to compel DOL's answer to Interrogatory No 8 is DENIED.

11           (4) Guardian's request to compel DOL's answer to Interrogatory No. 9 is DENIED.

12           (5) Guardian's request for sanctions is DENIED.

13       IT IS SO ORDERED.

14       The Clerk is directed to send uncertified copies of this Order to all counsel of record and

15   to any party appearing *pro se* at said party's last known address.

16       Dated this 11th day of April, 2016.

17

18   _____

19   ROBERT J. BRYAN
     United States District Judge

20

21

22

23

24
     ORDER ON GUARDIAN ROOFING LLC'S
     MOTION TO COMPEL FURTHER RESPONSES
     TO DISCOVERY REQUESTS AND FOR
     SANCTIONS- 11