1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                    AT TACOMA
10

11   THOMAS E. PEREZ, SECRETARY OF          CASE NO. 3:15-cv-05623-RJB
     LABOR, UNITED STATES
     DEPARTMENT OF LABOR,                    ORDER ON PLAINTIFF'S MOTION
12                                           TO DISMISS DEFENDANT'S
                     Plaintiff,              AMENDED COUNTERCLAIM
13
14          v.

15   GUARDIAN ROOFING, MATTHEW
     SWANSON, LORI SWANSON, and
16   AARON SANTAS,

17                   Defendants.

18          THIS MATTER comes before the Court on Plaintiff United States Department of Labor's

19   Motion to Dismiss Defendant's Amended Counterclaim. Dkt. 37. The motion is brought under

20   the authority of Federal Rule of Civil Procedure 12(b)(1), challenging this Court's jurisdiction

21   over the subject matter of the Amended Counterclaim. The Court has considered the motion, the

22   Defendant Guardian Roofing's Response, DOL's Reply, DOL's Complaint, Guardian's

23   Counterclaims, Guardian's Amended Counterclaim, and the remainder of the file herein. Dkts. 1,

24   30, 45, 47.

1

<u>BACKGROUND</u>

2   According to the Amended Counterclaim, starting in March 2011, DOL's Wage and

3 Hour Division initiated an investigation of Guardian for unpaid wages and records violations of

4 the Fair Labor Standards Act. Dkt. 30, at ¶9. During DOL's investigation, which included a

5 facilities tour and interview of some Guardian employees, Guardian alleges that on May 13,

6 2015, DOL informed Guardian by letter that it had failed to provide DOL with time records for

7 24 employees, and that time records for 41 employees were inaccurate. DOL did not, Guardian

8 alleges, interview 13 employees whose sworn statements conflicted with the conclusions of

9 DOL's investigation. *Id.*, ¶¶10, 27-29. By letter to Guardian, DOL allegedly estimated

10 $421,580.62 in unpaid wages and informed Guardian that it would seek to recover the same

11 amount in liquidated damages in the absence of an agreement by the parties. *Id.*, at ¶¶10, 18, 22.

12 Guardian alleges that the parties made efforts to reach an agreement, but did not do so prior to

13 the expiration of a fifth tolling agreement, on August 31, 2015, when DOL filed the U.S. District

14 Court Complaint. *Id.*, ¶¶21, 23. *See* Dkt. 1.

15   Guardian brings the Amended Counterclaim under 5 U.S.C. § 701 of the Administrative

16 Procedure Act, seeking (1) a declaratory judgment that DOL lacked substantial justification for

17 its investigative and enforcement actions, and (2) costs and fees under the Equal Access to

18 Justice Act. Dkt. 30, at ¶37.

19

<u>DISCUSSION</u>

20   In its sovereignty, the United States is immune from suit unless it consents to be sued.

21 *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Cato v. United States*, 70 F.3d 1103,

22 1107 (9th Cir. 1995). "[T]he terms of its consent to be sued in any court define that court's

23 jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990). "A waiver of

24

1    the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of

2    the sovereign."  *Quarty v. United States*, 170 F.3d 961, 972 (9th Cir. 1999)(*quoting Lane v.*

3    *Pena,* 518 U.S. 187, 192 (1996)). "The question [of] whether the United States has waived its

4    sovereign immunity . . . is . . . a question of subject matter jurisdiction," *McCarthy v. United*

5    *States*, 850 F.2d 558, 560 (9th Cir. 1988), so if the United States has not waived its sovereign

6    immunity, the court lacks subject matter jurisdiction. The waiver of sovereign immunity at issue

7    in this case is 5 U.S.C. § 704 of the Administrative Procedure Act, which grants courts subject

8    matter jurisdiction to review "final agency action for which there is no other adequate remedy in

9    a court."

10           **a.   Final agency action.**

11           Identifying an "agency action" is "limited to the specific categories defined by the APA."

12   *Norton v. Southern Utah Wilderness Alliance,*542 U.S. 55 (2004). By statute, agency action

13   "includes the whole or a part of an agency of an agency rule, order, license, ***sanction***, relief, or

14   the equivalent or denial thereof." 5 U.S.C. § 551(13) (emphasis added). The APA defines

15   "sanction" to include the following agency actions:

16           (A) prohibition, requirement, limitation, or other condition affecting a person's freedom;
                 (B) withholding of relief;
17           (C) imposition of a penalty or fine;
                 (D) destruction, taking, seizure, or withholding of property;
18           (E) assessment of damages, reimbursement, restitution, compensation, costs, charges or
                      fees;
19           (F) requirement, revocation, or suspension of a license; or
                 (G) taking other compulsory or restrictive action. § 551(10).

20

21   Whether an agency action is "final" depends on whether at least two conditions are met: "[f]irst,

22   the action must mark the 'consummation' of the agency's decision-making process . . . it must

23   not be of a merely tentative or interlocutory nature. And second, the action must be one by which

24   'rights or obligations have been determined,' or from which 'legal consequences flow.'" *Western*

ORDER ON PLAINTIFF'S MOTION TO DISMISS
DEFENDANT'S AMENDED COUNTERCLAIM- 3

1    *Radio Services Co., Inc. v. Glickman*, 123 F.3d 1189, 1196 (9th Cir. 1997), quoting *Bennett v.*

2    *Spear*, 520 U.S. 154, 177-78 (1997).

3           Guardian does not clearly identify DOL's final agency action. Based on Guardian's

4    Response, it appears that Guardian alleges that the final agency action was the "filing of the

5    enforcement action[, which] was the culmination of a multi-year investigation of Guardian's

6    wage practices." Dkt. 45, at 9. Guardian offers no authority for the proposition that filing a

7    complaint in the U.S. District Court constitutes a final agency action. On the contrary,

8    considering the Complaint DOL filed in this case, DOL arguably relinquishes its agency

9    authority to assess a monetary penalty to this Court and the trier of fact.

10          Alternatively, it appears that Guardian alleges that the final agency action was DOL's

11   "administrative findings and demands for correction [that placed Guardian] in the untenable

12   position of accepting liability . . . or . . . defending against an enforcement action." Dkt. 45, at 11.

13   This argument lacks specificity. Nonetheless, when examining the Amended Counterclaim in

14   light of this argument, the undersigned cannot identify specific allegations of administrative

15   demands and findings sufficient to constitute an agency action under Section 551. The Amended

16   Counterclaim describes DOL's extended administrative investigation and the parties' failed

17   negotiations. Dkt. 30, at ¶¶12, 21, 22. While the Amended Counterclaim alleges that DOL

18   "demanded payment" for unpaid wages and threatened litigation, *id.*, at ¶22, it is also alleged that

19   in a letter from DOL to Guardian, DOL "***estimated*** that Guardian Roofing owed its employees

20   $843,161.24." *Id.*, at ¶18 (emphasis added). Estimating an amount owed is tentative, not final.

21   DOL could have assessed a monetary penalty itself (29 C.F.R. § 578.3), requiring DOL to issue

22   and serve written notice (§ 580.3) that could be appealed to an Administrative Law Judge and an

23

24

1  Administrative Review Board (§§ 580.5, 580.6, 580.18). Guardian does not allege such an

2  agency action occurred.

3        Rather than executing a final agency action itself, such as assessing a monetary penalty,

4  DOL apparently elected to give the Court and the trier of fact the responsibility to decide

5  whether Guardian violated FLSA, which is DOL's prerogative. At least as alleged in the

6  Amended Counterclaim, DOL did not engage in final agency action.

7        **b.  Adequate remedy.**

8        Guardian argues that without the Amended Counterclaim, Guardian lacks an adequate

9  remedy to obtain a declaratory judgment that DOL's actions were "arbitrary, capricious, an

10  abuse of discretion, or contrary to law." Dkt. 45, at 13. Guardian also opines that if forced to

11  defend itself without its counterclaim, Guardian will have no control over the scope of DOL's

12  action, "which can be limited or voluntarily withdrawn as the case proceeds to trial." *Id*., relying

13  on *Herman v. Excel Corp*., 37 F.Supp.2d 1117, FN 6 (C.D.Ill.1999).

14        Guardian's arguments are unpersuasive. Although allowing Guardian to pursue its

15  Amended Counterclaim could change the tenor and parties' strategies for trial, denying the

16  Amended Counterclaim from proceeding does not deny Guardian an adequate remedy, because

17  the results will be the same as if the counterclaim had proceeded. Assuming Guardian prevailed

18  on its Amended Counterclaim and obtained a declaratory judgment that DOL acted arbitrarily

19  and capriciously, the results would be no different than if Guardian prevailed in defending

20  against DOL's claims and the Court found that DOL lacked substantial evidence. *Pac. Legal*

21  *Found. v. Dep't of Transp*., 593 F.2d 1338, 1343, FN35 (D.C. Cir. 1979). In both cases, Guardian

22  has the opportunity to present evidence and make arguments concerning DOL's investigation

23  and enforcement action. And in both cases, Guardian will have the opportunity to argue that

24

1   DOL lacked substantial evidence, entitling Guardian to EAJA costs and fees. The outcome is the

2   same for Guardian under either scenario. Guardian has an adequate remedy.

3          Because Guardian has not sufficiently alleged a final agency action by DOL and

4   Guardian has an adequate remedy in its defenses and opportunity to present an EAJA claim, the

5   Amended Counterclaim should be dismissed for lack of subject matter jurisdiction. *Ukiah Valley*

6   *Medical Center v. F.T.C.*, 911 F.2d 261, 264, 266 (9th Cir. 1990).

7                                          <u>ORDER</u>

8          THEREFORE, the Defendant's Motion to Dismiss Plaintiff's Amended Counterclaim

9   (Dkt. 37) is GRANTED. The Amended Counterclaim is dismissed.

10         IT IS SO ORDERED.

11         The Clerk is directed to send uncertified copies of this Order to all counsel of record and

12  to any party appearing *pro se* at said party's last known address.

13         Dated this 5th day of May, 2016.

14

15

16         ROBERT J. BRYAN
           United States District Judge

17

18

19

20

21

22

23

24