The Honorable Robert J. Bryan

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor,<br><br>        Plaintiff,<br><br>    v.<br><br>GUARDIAN ROOFING LLC, a Washington limited liability company; MATTHEW SWANSON, an individual; LORI SWANSON, an individual; and AARON SANTAS, an individual,<br><br>        Defendants. | Case No. 3:15-cv-05623-RJB<br><br>**CONSENT JUDGMENT** |

Plaintiff Thomas E. Perez, the United States Secretary of Labor, and Defendants Guardian Roofing LLC, Matthew Swanson, Lori Swanson and Aaron Santas have agreed to resolve the matters in controversy in this civil action and stipulate to the entry of this Consent Judgment on the following terms:

## I.  LIABILITY

1.  The Secretary filed a Complaint alleging that Defendants violated Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §§ 215(a)(2) and 215(a)(5).

2.  Defendants acknowledge receipt of the Secretary's Complaint and have appeared in this matter through counsel.

3.  The Secretary and Defendants waive Findings of Fact and Conclusions of Law.

4.  Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the District Court for the Western District of Washington.

5.  Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

6. Defendants acknowledge that they and any individual or entity acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

7. Defendants admit that during the period of March 1, 2011 through February 28, 2014, they failed to maintain records of the time certain employees spent working at the yard at the beginning of their work day, traveling from the yard to the first worksite, and traveling from the last worksite to the yard. Defendants understand that this practice violates the FLSA's recordkeeping provisions, FLSA Sections 11 and 15(a)(5), which require an employer to maintain accurate records of all hours worked by its employees.

8. Defendants admit that during the period of March 1, 2011 through February 28, 2014, they failed to pay certain employees for the time spent working at the yard at the beginning of their work day, traveling from the yard to the first worksite, and traveling from the last worksite to the yard. Defendants understand that this practice violates the FLSA's overtime provisions in those workweeks where the employees worked over 40 hours. These provisions, FLSA Sections 7 and 15(a)(2), require an employer to pay employees at a rate of time and one-half their regular rate for all hours worked over 40 in a workweek.

9. Defendants understand and acknowledge that they must pay for, and record, the time that all employees work after their work day has begun. Once the employee's work day has begun, the employer must continue paying the employee unless the employee is completely relieved from duty and the time period is long enough to enable the employee to use the time for her/her own purposes.

10. Defendants understand and expressly acknowledge that demanding or accepting any of the monies due to any current or former employees under this Consent Judgment, threatening any employee for accepting monies due under this Consent Judgment, or threatening any employee for exercising any of his or her rights under or related to the FLSA is specifically prohibited and may subject Defendants to equitable and legal damages, including punitive damages and civil contempt.

11. Nothing herein is intended to constitute or should interpreted as constituting a finding that Defendants willfully violated the FLSA

## II. **INJUNCTION**

It is therefore, upon motion of the attorneys for the Secretary, and for cause shown, HEREBY ORDERED, ADJUDGED, AND DECREED that, under Section 17 of the FLSA, 29 U.S.C. § 217, Defendants and their officers, agents, servants, employees, and all persons in active concert or participation with them, are permanently enjoined and restrained from violating the provisions of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), pay any of their roofer employees who in any workweek are engaged in commerce or the production of goods for commerce, or who are employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, less than time and one-half the employees' regular rate for hours worked in excess of 40 hours in the workweek. For purposes of this provision, "hours worked" includes time spent performing work (including attending meetings) at the yard at the beginning or end of the day, as well as travel time spent between the commencement of the employee's first principal activity of the day and the completion of the employee's last principal activity of the day. "Hours worked" also includes any time employees are required to be present at the yard.

2. Defendants shall not fail to make, keep, and preserve accurate records of the wages, hours, and other work conditions and practices of each and every employee who performs any work for any Defendant as required by FLSA Section 11(c), 29 U.S.C. § 211(c).

3. Each pay period, Defendants shall prepare and present to each roofer employee a statement of the hours the employee worked each day, week and pay period. Along with the statement, Defendants shall present each roofer employee with both English and Spanish versions of the Notice of Employee Rights, attached as **Exhibit C**. Defendants shall have each roofer employee review and sign his or her statement, encouraging each employee to make any necessary corrections to ensure that the time record is accurate. Defendants shall maintain copies of all signed statements for a period of two years for inspection by the U.S. Department of Labor at any time. Defendants shall also permit any employee to review his or her statements at any time. The obligations in this paragraph shall continue for a period of three years from the entry of this consent judgment.

4. Within thirty (30) calendar days of the date of entry of this Consent Judgment, Defendants shall post both English and Spanish versions of the Notice of Employee Rights, attached as **Exhibit C**, in at least five prominent locations at each of Defendants' facilities (for example, near the facility's front door, at the time clock, where employees commonly take meal breaks, or inside employee restrooms), and inside each company-owned van used to transport workers between the company yard and worksites. Defendants shall maintain these postings in good condition for a period of three years from the entry of this consent judgment.

5. Within six months of the date that Defendants sign this Consent Judgment, or as soon as thereafter practicable given Wage and Hour Division representatives' availability, Defendants shall permit representatives from the Wage and Hour Division to conduct a training session of a reasonable duration for all individuals performing work for Defendants. Defendants shall also be present at said training, which shall cover the compensable time for which employees shall receive pay. Topics to be covered by Wage and Hour during said training shall include, but are not limited to: minimum wage, overtime, recordkeeping provisions of the FLSA and specific considerations relating to the compensability of travel time, the time employees spend working at the yard at the beginning and end of their workdays and the "continuous workday" doctrine. The time spent by Defendants' employees at this training will be compensable time for which employees shall receive pay.

6. On at least an annual basis, Defendants shall hire an independent third party subject to DOL approval to conduct supervisor training at each location as to the requirements of the FLSA. The training shall be for one session of not less than one hour with an opportunity for questions and answers. All supervisors as well as the individuals who determine the employees' pay or schedules or who prepare payroll shall attend this training. Defendants shall maintain documentation of these trainings for a period of four years and provide it to representatives of the Secretary of Labor upon their request. This provision shall be in effect for a period of four years from the date entry of this Judgment by the Court.

7. The filing, pursuit, and/or resolution of this proceeding with the filing of this Consent Judgment shall not act as or be asserted as a bar to any action under Section 16(b) of the FLSA, 29

U.S.C. § 216(b), as to any employee not named on **Exhibit A** attached hereto, nor as to any employee named on Exhibit A for any period not specified herein for the back wage recovery provisions.

### III. MONIES DUE

1. IT IS FURTHER ORDERED that Defendants, jointly and severally, shall not withhold payment of $105,000, which represents the unpaid FLSA overtime wages hereby found to be due for the period of March 1, 2011 through February 28, 2014, to those current and former employees of Defendants named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein.

2. IT IS FURTHER ORDERED and ADJUDGED that Plaintiff shall have and recover from Defendants, jointly and severally, the additional amount of $105,000 as FLSA liquidated damages hereby found to be due for the period of March 1, 2011 through February 28, 2014 to those current and former employees of Defendants named in Exhibit A, attached hereto and made a part hereof, in the amounts set forth therein, pursuant to authority expressly provided in Section 16(c) of the FLSA, 29 U.S.C. § 216(c).

3. Defendants, and any individual or entity acting on their behalf or at their direction, shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to Defendants or to someone else for Defendants, any monies in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this Consent Judgment or the FLSA; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any monies in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this Consent Judgment or the FLSA; nor shall Defendants discharge or in any other manner discriminate, solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained monies due to him or her from Defendants under the provisions of this Consent Judgment or the FLSA.

4. FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to Section 16(c) of the FLSA, in favor of the Secretary as a judgment owed to the United States of America and against

Defendants, jointly and severally, in the total amount of $210,000, which is comprised of unpaid overtime compensation owed by Defendants and an additional equal amount as liquidated damages, as specified above.

## IV. **PAYMENT**

1. Within 30 days of signing this Consent Judgment, Defendants shall deliver to the Wage and Hour Division, United States Department of Labor, Attn: District Director Jeanette Aranda, U.S. Department of Labor, Wage and Hour Division, 300 5th Avenue, Suite 1130, Seattle, WA 98104, a schedule containing: (1) the employer's name, employer identification number(s), addresses and telephone numbers, and (2) for each employee listed in the attached Exhibit A, if known, the employee's last known home address, Social Security number, home telephone number, mobile telephone number and gross amount of back wages as listed in the attached Exhibit A.

2. Defendants shall make the payments required by this Consent Judgment as follows:

    a. Within 30 days of entry of this Judgment, Defendants shall transmit a certified or cashier's check or money order, payable to the order of "Wage & Hour Div.-Labor" in the amount of $50,000. Defendants shall note on the remittance that it is allocated to "LDs."

    b. Starting on August 1, 2016, and then again on the first of each month, Defendants shall make the payments in accord with the payment scheduled attached as Exhibit B.

3. All payments shall be delivered to the Wage and Hour Division, United States Department of Labor, Attn: District Director Jeanette Aranda, U.S. Department of Labor, Wage and Hour Division, 300 5th Avenue, Suite 1130, Seattle, WA 98104, on or before the date the payment is due.

4. In the event of a default in the timely making of any of the payments specified herein, the full gross amount outstanding due under this Consent Judgment, plus post-judgment interest at the rate of 10% per year (the "Default Interest Rate") from the date of the entry of this Consent Judgment until the full amount of this Consent Judgment is paid in full, shall become immediately due and payable directly to the U.S. Department of Labor by certified check to the Wage and Hour Division ("Wage and Hour"). The Default Interest Rate shall not apply to the payments described in Section IV.2.a-b of this Agreement unless a default has occurred. For the purposes of this

paragraph, a "default" is deemed to occur if payment is not delivered within five (5) calendar days of the due date.

5. The Secretary shall distribute the payments to the persons named in the attached Exhibit A, or to their estates if that be necessary, in his sole discretion, and any monies not so paid within a period of three (3) years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).  The Secretary shall make required legal deductions for the employee's portion of Social Security and federal income tax withholding, and remit these amounts to the appropriate agencies.

6. Each party shall bear all fees and other expenses (including court costs) incurred by such party in connection with any stage of this proceeding to date.

IT IS ORDERED that the parties to this action shall comply with the terms of this Consent Judgment;

IT IS ORDERED that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment.

DATED this 11th day of July, 2016.

　　　　　　　　　　　　　　　　　　　　
ROBERT J. BRYAN
United States District Judge

Presented by:

Dated: July 6, 2016　　　　　　　M. PATRICIA SMITH
　　　　　　　　　　　　　　　　Solicitor

　　　　　　　　　　　　　　　　JANET M. HEROLD
　　　　　　　　　　　　　　　　Regional Solicitor

　　　　　　　　　　　　　　　　SUSAN SELETSKY
　　　　　　　　　　　　　　　　Counsel for FLSA

　　　　　　　　　　　　　　　　 */s/ Brian J. Schmidt*
　　　　　　　　　　　　　　　　BRIAN J. SCHMIDT
　　　　　　　　　　　　　　　　Trial Attorney

　　　　　　　　　　　　　　　　UNITED STATES DEPARTMENT OF LABOR
　　　　　　　　　　　　　　　　Attorneys for Plaintiff

1
2
3  Dated: 7/7/16                                S /_____
                                                Matthew Swanson, Defendant
4
5  Dated: 7/7/16                                S /_____
                                                Lori Swanson, Defendant
6
7  Dated: 7/7/16                                S /_____
                                                Aaron Santas, Defendant
8
9  Dated: 7/7/16                                LANE POWELL PC

10                                       By:    S /_____
                                                Charles P. Rullman, III
11                                              Attorneys for All Defendants

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PAGE LEFT INTENTIONALLY BLANK

|  | Employee | Covered Dates of Employment | Back Wages ($) | Liquidated Damages ($) | Total ($) |
|---|---|---|---|---|---|
| 1 | Alumbaugh, Jacob | 11/10/2012 to 2/15/2013 | 325.00 | 325.00 | 650.00 |
| 2 | Baker, James | 3/2/2011 to 5/11/2012 | 2,964.00 | 2,964.00 | 5,928.00 |
| 3 | Bautista Martinez, Victor | 3/2/2011 to 2/28/2014 | 6,541.00 | 6,541.00 | 13,082.00 |
| 4 | Beltran, Elmer | 8/26/2013 to 9/10/2013 | 70.00 | 70.00 | 140.00 |
| 5 | Brown, Joshua | 3/2/2011 to 2/28/2014 | 2,330.00 | 2,330.00 | 4,660.00 |
| 6 | Cain, Joshua | 8/17/2013 to 2/28/2014 | 358.00 | 358.00 | 716.00 |
| 7 | Calliham, Eric | 3/2/2011 to 8/9/2013 | 378.00 | 378.00 | 756.00 |
| 8 | Chavis, Greg | 10/12/2013 to 2/28/2014 | 669.00 | 669.00 | 1,338.00 |
| 9 | Clark, Aaron | 11/16/2013 to 2/28/2014 | 376.00 | 376.00 | 752.00 |
| 10 | Coombs, James | 3/2/2011 to 4/20/2012 | 842.00 | 842.00 | 1,684.00 |
| 11 | Coutcher, Dylen | 10/5/2013 to 2/21/2014 | 150.00 | 150.00 | 300.00 |
| 12 | Cruz, Fredi | 3/2/2011 to 2/28/2014 | 4,858.00 | 4,858.00 | 9,716.00 |
| 13 | Cruz, Juan | 3/2/2011 to 2/28/2014 | 3,851.00 | 3,851.00 | 7,702.00 |
| 14 | Ervin, Allen | 1/26/2013 to 8/30/2013 | 1,005.00 | 1,005.00 | 2,010.00 |
| 15 | Flannigan, Erik | 6/15/2013 to 2/28/2014 | 403.00 | 403.00 | 806.00 |
| 16 | Flores Menjivar, Miguel | 8/31/2013 to 2/28/2014 | 593.00 | 593.00 | 1,186.00 |
| 17 | Fullerton, Joshua | 12/15/2012 to 7/26/2013 | 982.00 | 982.00 | 1,964.00 |
| 18 | Garcia Alvarado, Roberto | 8/10/2013 to 9/20/2013 | 84.00 | 84.00 | 168.00 |
| 19 | Gomez, Cesar | 5/28/2011 to 8/19/2011 | 344.00 | 344.00 | 688.00 |
| 20 | Gonzales, Jeromy | 8/17/2013 to 2/21/2014 | 129.00 | 129.00 | 258.00 |
| 21 | Gonzalez, Joseph | 3/2/2011 to 2/28/2014 | 2,279.00 | 2,279.00 | 4,558.00 |
| 22 | Hammond, Troy | 8/20/2011 to 10/28/2011 | 244.00 | 244.00 | 488.00 |

Perez v. Guardian Roofing, LLC
Case No. 3:15-cv-05623-RJB (W.D. Wash.)
Exhibit A to Consent Judgment

|  | Employee | Covered Dates of Employment | Back Wages ($) | Liquidated Damages ($) | Total ($) |
|---|---|---|---|---|---|
| 23 | Hernandez, Jose | 12/21/2013 to 2/28/2014 | 380.00 | 380.00 | 760.00 |
| 24 | Hills, Joseph | 3/2/2011 to 2/28/2014 | 2,242.00 | 2,242.00 | 4,484.00 |
| 25 | Jackson, Carlton | 3/19/2011 to 2/3/2012 | 559.00 | 559.00 | 1,118.00 |
| 26 | Jaquez, Jaret | 6/30/2012 to 7/19/2013 | 375.00 | 375.00 | 750.00 |
| 27 | Jimenez Ramirez, Margarito | 5/28/2011 to 10/4/2013 | 3,160.00 | 3,160.00 | 6,320.00 |
| 28 | Karnson, Anthony | 1/26/2013 to 6/28/2013 | 435.00 | 435.00 | 870.00 |
| 29 | Kollar, Andrew | 6/15/2013 to 8/30/2013 | 82.00 | 82.00 | 164.00 |
| 30 | Lamont, Richard | 3/9/2013 to 2/28/2014 | 1,013.00 | 1,013.00 | 2,026.00 |
| 31 | Lawrence, Sam | 8/6/2011 to 4/19/2013 | 1,077.00 | 1,077.00 | 2,154.00 |
| 32 | Lemus Coria, Noe | 3/2/2011 to 6/7/2013 | 5,822.00 | 5,822.00 | 11,644.00 |
| 33 | Lemus Zuniga, Salvador | 3/2/2011 to 2/28/2014 | 8,362.00 | 8,362.00 | 16,724.00 |
| 34 | Lomax, Ronald | 6/22/2012 to 11/16/2012 | 640.00 | 640.00 | 1,280.00 |
| 35 | Marley, Christopher | 5/7/2011 to 5/27/2011 | 35.00 | 35.00 | 70.00 |
| 36 | Martinson, Bryce | 8/27/2011 to 6/15/2012 | 453.00 | 453.00 | 906.00 |
| 37 | McGregor, Adam | 11/23/2013 to 2/28/2014 | 144.00 | 144.00 | 288.00 |
| 38 | Munsch, Jeffrey | 2/16/2013 to 11/1/2013 | 577.00 | 577.00 | 1,154.00 |
| 39 | Murphy, Joseph | 4/23/2011 to 2/28/2014 | 1,864.00 | 1,864.00 | 3,728.00 |
| 40 | Nelson, Norman | 10/15/2011 to 2/1/2013 | 1,196.00 | 1,196.00 | 2,392.00 |
| 41 | Perry, Jesse | 4/2/2011 to 5/6/2011 | 56.00 | 56.00 | 112.00 |
| 42 | Pineda Flores, Noe | 8/31/2013 to 2/28/2014 | 1,378.00 | 1,378.00 | 2,756.00 |
| 43 | Powell, James | 4/30/2011 to 5/27/2011 | 105.00 | 105.00 | 210.00 |
| 44 | Reinick, Adam | 8/25/2012 to 1/4/2013 | 349.00 | 349.00 | 698.00 |

Perez v. Guardian Roofing, LLC
Case No. 3:15-cv-05623-RJB (W.D. Wash.)
Exhibit A to Consent Judgment

|    | Employee | Covered Dates of Employment | Back Wages ($) | Liquidated Damages ($) | Total ($) |
|----|----------|-----------------------------|----------------|------------------------|-----------|
| 45 | Reyes, Francisco | 3/12/2011 to 2/28/2014 | 7,677.00 | 7,677.00 | 15,354.00 |
| 46 | Reyes, Jesus | 3/2/2011 to 2/28/2014 | 3,250.00 | 3,250.00 | 6,500.00 |
| 47 | Reyes, Luis | 3/2/2011 to 7/29/2013 | 2,804.00 | 2,804.00 | 5,608.00 |
| 48 | Rinehart, Simon | 5/17/2013 to 6/21/2013 | 79.00 | 79.00 | 158.00 |
| 49 | Roberts, David | 4/13/2013 to 5/31/2013 | 100.00 | 100.00 | 200.00 |
| 50 | Santiago, Antonio | 11/9/2013 to 2/28/2014 | 804.00 | 804.00 | 1,608.00 |
| 51 | Scamahorn, Ryan | 3/2/2011 to 3/29/2013 | 2,031.00 | 2,031.00 | 4,062.00 |
| 52 | Schwannecke, Edward | 5/12/2012 to 1/11/2013 | 390.00 | 390.00 | 780.00 |
| 53 | Shoopman, Steven | 4/16/2011 to 2/28/2014 | 5,626.00 | 5,626.00 | 11,252.00 |
| 54 | Smith, JR | 3/2/2011 to 3/18/2011 | 46.00 | 46.00 | 92.00 |
| 55 | Stone, Kyle | 5/15/2013 to 7/19/2013 | 76.00 | 76.00 | 152.00 |
| 56 | Tao, Peniamina | 6/25/2011 to 3/9/2012 | 474.00 | 474.00 | 948.00 |
| 57 | Taylor, Keith | 12/1/2012 to 2/28/2014 | 2,332.00 | 2,332.00 | 4,664.00 |
| 58 | Trujillo, Bulmaro | 3/2/2011 to 6/28/2013 | 3,967.00 | 3,967.00 | 7,934.00 |
| 59 | Velasquez Lozano, Jose | 8/31/2013 to 2/28/2014 | 1,369.00 | 1,369.00 | 2,738.00 |
| 60 | Wazdatskey, Joel | 10/1/2011 to 2/24/2012 | 244.00 | 244.00 | 488.00 |
| 61 | Williams, David | 8/6/2013 to 11/1/2013 | 139.00 | 139.00 | 278.00 |
| 62 | Zuniga, Alejandro | 3/2/2011 to 10/5/2012 | 1,737.00 | 1,737.00 | 3,474.00 |
| 63 | Zuniga, Faustino | 3/2/2011 to 2/28/2014 | 3,853.00 | 3,853.00 | 7,706.00 |
| 64 | Zuniga, Guillermo | 3/2/2011 to 2/28/2014 | 2,861.00 | 2,861.00 | 5,722.00 |
| 65 | Zuniga Ruiz, Victor | 3/2/2011 to 2/28/2014 | 5,062.00 | 5,062.00 | 10,124.00 |
|    |          | TOTAL: | 105,000 | 105,000 | 210,000 |

Perez v. Guardian Roofing, LLC
Case No. 3:15-cv-05623-RJB (W.D. Wash.)
Exhibit A to Consent Judgment

| Payment No. | Due Date | Principal Due | Interest Due | Total Amount Due | Applied Toward |
|---|---|---|---|---|---|
| 1 | 8/1/2016 | $4,379.97 | $133.33 | $4,513.30 | Liquidated Damages |
| 2 | 9/1/2016 | $4,383.62 | $129.68 | $4,513.30 | Liquidated Damages |
| 3 | 10/1/2016 | $4,387.27 | $126.03 | $4,513.30 | Liquidated Damages |
| 4 | 11/1/2016 | $4,390.93 | $122.37 | $4,513.30 | Liquidated Damages |
| 5 | 12/1/2016 | $4,394.58 | $118.72 | $4,513.30 | Liquidated Damages |
| 6 | 1/1/2017 | $4,398.25 | $115.05 | $4,513.30 | Liquidated Damages |
| 7 | 2/1/2017 | $4,401.91 | $111.39 | $4,513.30 | Liquidated Damages |
| 8 | 3/1/2017 | $4,405.58 | $107.72 | $4,513.30 | Liquidated Damages |
| 9 | 4/1/2017 | $4,409.25 | $104.05 | $4,513.30 | Liquidated Damages |
| 10 | 5/1/2017 | $4,412.93 | $100.37 | $4,513.30 | Liquidated Damages |
| 11 | 6/1/2017 | $4,416.60 | $96.70 | $4,513.30 | Liquidated Damages |
| 12 | 7/1/2017 | $4,420.28 | $93.02 | $4,513.30 | Liquidated Damages |
| 13 | 8/1/2017 | $4,423.97 | $89.33 | $4,513.30 | Liquidated Damages / Back Wages |
| 14 | 9/1/2017 | $4,427.65 | $85.65 | $4,513.30 | Back Wages |
| 15 | 10/1/2017 | $4,431.34 | $81.96 | $4,513.30 | Back Wages |
| 16 | 11/1/2017 | $4,435.04 | $78.26 | $4,513.30 | Back Wages |
| 17 | 12/1/2017 | $4,438.73 | $74.57 | $4,513.30 | Back Wages |
| 18 | 1/1/2018 | $4,442.43 | $70.87 | $4,513.30 | Back Wages |
| 19 | 2/1/2018 | $4,446.13 | $67.17 | $4,513.30 | Back Wages |
| 20 | 3/1/2018 | $4,449.84 | $63.46 | $4,513.30 | Back Wages |
| 21 | 4/1/2018 | $4,453.55 | $59.75 | $4,513.30 | Back Wages |
| 22 | 5/1/2018 | $4,457.26 | $56.04 | $4,513.30 | Back Wages |
| 23 | 6/1/2018 | $4,460.97 | $52.33 | $4,513.30 | Back Wages |
| 24 | 7/1/2018 | $4,464.69 | $48.61 | $4,513.30 | Back Wages |
| 25 | 8/1/2018 | $4,468.41 | $44.89 | $4,513.30 | Back Wages |
| 26 | 9/1/2018 | $4,472.13 | $41.17 | $4,513.30 | Back Wages |
| 27 | 10/1/2018 | $4,475.86 | $37.44 | $4,513.30 | Back Wages |
| 28 | 11/1/2018 | $4,479.59 | $33.71 | $4,513.30 | Back Wages |
| 29 | 12/1/2018 | $4,483.32 | $29.98 | $4,513.30 | Back Wages |
| 30 | 1/1/2019 | $4,487.06 | $26.24 | $4,513.30 | Back Wages |
| 31 | 2/1/2019 | $4,490.80 | $22.50 | $4,513.30 | Back Wages |
| 32 | 3/1/2019 | $4,494.54 | $18.76 | $4,513.30 | Back Wages |
| 33 | 4/1/2019 | $4,498.29 | $15.01 | $4,513.30 | Back Wages |
| 34 | 5/1/2019 | $4,502.04 | $11.26 | $4,513.30 | Back Wages |
| 35 | 6/1/2019 | $4,505.79 | $7.51 | $4,513.30 | Back Wages |
| 36 | 7/1/2019 | $4,509.40 | $3.76 | $4,513.16 | Back Wages |
| | Total: | $160,000 | $2,478.66 | $162,478.66 | |

Perez v. Guardian Roofing, LLC
Case No. 3:15-cv-05623-RJB (W.D. Wash.)
Exhibit B to Consent Judgment

## Notice of Employee Rights

Under the Fair Labor Standards Act, you must be paid for all hours you work.  This includes all time that you spend performing work (including attending meetings) at the yard at the beginning or end of the day.  It also includes any travel time between when you first perform work at the beginning of the day and when you last perform work at the end of the day.  It also includes any time you are required to be present at the yard.  If you work more than 40 hours in a workweek, your employer must pay at least one and one-half times your regular rate of pay for all hours worked beyond 40.  If you are not paid properly, you may file a complaint with the U.S. Department of Labor by calling 1-866-4US-WAGE.

You have the right to participate freely in any future investigation of or lawsuit against your employer by the U.S. Department of Labor.  This means you have the right to speak with investigators or other officials from the Department of Labor and to testify truthfully and free from coercion, restraint, or intimidation.  If Matthew Swanson, Lori Swanson, Aaron Santas, or anyone acting on their behalf approaches you regarding any investigation of your employer by the U.S. Department of Labor, you have the right not to speak to them.  If you believe that anyone has interfered with your assertion of these rights, you may file a complaint with the U.S. Department of Labor by calling 1-866-4US-WAGE.

## Aviso de los derechos de los trabajadores

Bajo la Ley de Normas Justas de Trabajo, a usted debe ser pagado por todas las horas que trabaje. Esto incluye todo el tiempo que pasa trabajando (incluyendo la asistencia a reuniones) en el shop al comienzo del día o al final del día. También incluye cualquier tiempo de viaje entre la primera vez que se realiza el trabajo al comienzo del día y la última vez que se realiza el trabajo al final del día. También incluye cada vez que sea necesario que esté presente en el shop. Si trabaja más de 40 horas en una semana laboral, su empleador tiene que pagar por lo menos tiempo y medio de su tasa regular de pago por todas las horas trabajadas en exceso de 40. Si no se pagan correctamente, usted puede presentar una queja con el Departamento de Trabajo de EE.UU. llamando a 1-866-4US-WAGE.

Usted tiene derecho a participar libremente en cualquier investigación futura o demanda contra su empleador por el Departamento del Trabajo de EE.UU. Esto significa que usted tiene derecho a hablar con los investigadores u otros funcionarios del Departamento de Trabajo y declarar sinceramente y libre de coerción, limitación o intimidación. Si Matthew Swanson, Lori Swanson, Aaron Santas o cualquier persona que actúe en su nombre se acerca a usted con respecto a esta investigación de su empleador por el Departamento del Trabajo de EE.UU., usted tiene el derecho de no hablar con ellos. Si usted cree que alguien ha interferido con sus derechos, usted puede presentar una queja con el Departamento de Trabajo de EE.UU. llamando a 1-866-4US-WAGE.

Perez v. Guardian Roofing, LLC
Case No. 3:15-cv-05623-RJB (W.D. Wash.)
Exhibit C to Consent Judgment